```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
YUNGBAEK JEON,

                  Plaintiff,

      -against-

RAFAEL RILEY and MISHKA BEVERAGES,

                  Defendants.

**MEMORANDUM & ORDER**
18-cv-2612 (NGG) (PK)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Yungbaek Jeon brings this personal injury action against Defendants Rafael Riley and Mishka Beverages. (Compl. (Dkt. 1).) Pending before the court is the motion for attorneys' fees filed by Plaintiff's outgoing counsel, Andrew Park P.C. (the "Park Firm"), and opposed by Plaintiff's subsequent counsel, Napoli Schkolnik, P.L.L.C. (the "Napoli Firm"). (*See* Mot. for Attorneys' Fees ("Attys.' Fees Motion") (Dkt. 41); Opp. to Mot. for Attorneys' Fees ("Attys.' Fees Opp.") (Dkt 42).) Also pending before the court is Magistrate Judge Peggy Kuo's November 23, 2020 Report & Recommendation (the "November R&R") recommending that the court grant the Park Firm's request for a charging lien; award the Park Firm five percent of the contingent fee received by the Napoli Firm; grant the Park Firm's request for reimbursement of $452 from the Napoli Firm for the costs of litigation; and deny the Park Firm's request for reimbursement for photocopying and mailing expenses. (*See* R&R (Dkt. 47) at 11.) The Park Firm filed timely objections to the November R&R. (*See* Park Firm's Obj. to Nov. R&R ("Park Firm's Obj.") (Dkt 48).)

For the reasons explained below, the Park Firm's objections are OVERRULED and the November R&R is ADOPTED in full.

1

## I. BACKGROUND

Plaintiff, who sought recovery for damages arising from a December 13, 2017 car accident involving Defendants, retained the Park Firm on December 18, 2017. (*See* Compl. (Dkt. 1) ¶ 19; *see also* Attys.' Fees Mot. at 1). The Park Firm drafted the Complaint, which it then filed on April 9, 2018. On September 12, 2018, the Napoli Firm appeared on Plaintiff's behalf. (Notice of Appearance (Dkt. 12).) The dispute went into arbitration, and an award was issued on September 5, 2019. (Arb. Award (Dkt. 36).) The parties then agreed to settle the action and sought dismissal of the case. (*See* Stipulation of Dismissal (Dkt. 39); Order Dismissing Case (Dkt. 40).)

On July 6, 2020, the Park Firm moved for a charging lien, seeking 75% of the fees obtained by the Napoli Firm and $502 in costs. (Attys.' Fees Motion at 4.) The Park Firm asserts that it billed a total of 21.5 hours, including for preparing an accident report; communicating with Defendants' insurance company; drafting and filing the Complaint; handling initial and supplemental disclosures; appearing at the initial conference; and engaging in some discovery communications. (*Id.* at 1-2.)

The Napoli Firm disputes the Park Firm's claim to 75% of its fees. (*See* Attys.' Fees Opp.) It argues that the Park Firm is not entitled to a charging lien because the Park Firm was discharged for cause. (*Id.* at 1.) It also argues that, even if the Park Firm is entitled to a charging lien, it is not entitled to its claim for 75% of the fees. The Napoli Firm, which claims to have billed 1,700 hours in this action, asserts that it performed the vast majority of legal services on Plaintiff's behalf, including handling depositions and discovery demands; coordinating Plaintiff's medical examination; preparing the pretrial order in cooperation with Defendants' counsel; engaging in expert discovery; and preparing for the possibility of trial. (*Id.* at 2-3.)

## II. LEGAL STANDARD

In reviewing a Report & Recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017);[1] *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

---

[1] When quoting cases, unless otherwise noted, all citation and quotation marks are omitted and all alterations are adopted.

## III. DISCUSSION

### A. Whether the Park Firm is Entitled to a Charging Lien

The November R&R recommended that the court find that the Park Firm is entitled to a charging lien. (R&R at 5.) The Park Firm claims that it was entitled to a lien under New York Judiciary Law § 475, which provides that an "attorney who appears for a party has a lien upon his or her client's cause of action . . . which attaches" to a "settlement in his or her client's favor." (Attys.' Fees Mot. at 3.) In response, the Napoli Firm argues that the Park Firm was discharged for cause, and thus was not entitled to a charging lien. (Park Firm's Obj. at 1.) The Napoli Firm alleges that Plaintiff terminated the Park Firm because it was not responsive to Plaintiff's inquiries, and Plaintiff felt that his case "was not getting the full attention" of the Park Firm. (*Id.*) The November R&R explained that the Napoli Firm's characterization of the Park Firm's behavior, even if true, does not amount to cause. (R&R at 5.) Because New York law provides that "an attorney dismissed without cause is entitled to a charging lien" in order to recover the "reasonable fees and costs incurred prior to the date of substitution of counsel," Judge Kuo determined that the Park Firm is entitled to a charging lien. (R&R at 4-5 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 147 (2d Cir. 1998)). Neither firm has objected to this portion of the R&R. (Park Firm's Obj. at 1.) Thus, the court reviews this recommendation for clear error. Having found none, the court affirms that the Park Firm is entitled to a charging lien. The court separately addresses what percentage of the fee should be apportioned to the Park Firm.

### B. Amount of the Charging Lien

When outgoing counsel is entitled to a charging lien, they may seek either a fixed-dollar amount in quantum meruit or "a contingent percentage fee based on the proportionate share of the work performed on the whole case." *Lai Ling Cheng v. Modansky*

4

*Leasing Co.*, 73 N.Y.2d 454, 458 (1989). Here, the Park Firm sought 75% of the Napoli Firm's contingent fee. (Attys.' Fees Mot. at 4.) The November R&R recommended awarding them five percent, and the Park firm objected to that portion of the R&R. (R&R at 8; Park Firm's Obj. at 1.) For the reasons explained below, the balance of time and labor spent on the case by each firm supports an award of five percent of the contingent fee to the Park Firm.

In determining the appropriate percentage to which outgoing counsel may be entitled, the court assesses the following factors: "the time and labor spent by the incoming and outgoing counsel, the actual work performed, the difficulty of the questions involved, the skills required to handle the matter, the attorney's skills and experience, and the effectiveness of counsel in bringing the matter to resolution." *Cruz v. Olympia Trails Bus Co.*, 99-CV-10961(JSR)(HBP), 2005 U.S. Dist. LEXIS 28155, at *7 (S.D.N.Y. Nov. 14, 2005) (quoting *Foppiano v. City of New York*, 00-CV-7969 (FM) 2002 U.S. Dist. LEXIS 28517, at *10 (S.D.N.Y. Sept. 25, 2002)). While the court will consider each of these factors in turn, the court's analysis is not a "scientific" inquiry, and the court has broad discretion to determine the proper percentage of the contingent fee to which outgoing counsel is entitled. *See Borg v. 86th & 3rd Owner, LLC*, 08-CV-05913 (RJH), 2012 U.S. Dist. LEXIS 9223 at *22-23, 32 (S.D.N.Y. Jan. 26, 2012).

In its objections, the Park Firm argued that it should receive at least 20% of the Napoli Firm's contingent fee, based primarily on the amount of work it performed for Plaintiff. (Park Firm's Obj. at 3.) The Park Firm asserts that, during its nine months as Plaintiff's counsel, it requested Plaintiff's medical records, initiated the suit, drafted and filed a four-page complaint, and appeared at an initial conference. (*See id.* at 3; Park Firm's Timesheet (Dkt. 44-1).) In total, the Park Firm billed 21.5 hours for this work. (Park Firm's Timesheet.)

The Napoli Firm opposes the Park Firm's motion for attorneys' fees, arguing that it performed substantially more legal work on behalf of the Plaintiff than Park Firm did. (Attys.' Fees Opp. at 1.) The Napoli Firm asserts that, after taking over representation from the Park Firm, it billed 1,700 hours for work performed over the course of the following year, which included engaging in and completing discovery, conducting depositions, preparing for and attending arbitration and settlement conferences, and successfully settling the underlying action. (*Id.*) The Napoli Firm submitted billing records reflecting the legal work performed. (Napoli Billing Records (Dkt. 42-1).)

*Buszko v. City of New York* addressed a similar dispute between plaintiff's outgoing and subsequent counsel over the division of fees. 118 A.D.3d 464 (N.Y. App. Div. 3d Dep't 2014). The court apportioned five percent of the contingent fee to outgoing counsel because, although the outgoing firm completed some discovery and obtained the plaintiff's medical records, incoming counsel "performed the lion's share of the work," including representing the plaintiff in a hearing, continuing discovery, and successfully settling the case. *Id.* at 464. Similarly, in *Shabazz v. City of New York*, the court awarded five percent to the outgoing attorney because, although the outgoing counsel obtained plaintiff's medical records and commenced the action by filing and serving a summons and complaint, the incoming counsel handled the majority of the work, including ultimately negotiating a settlement. 94 A.D.3d 569, 569 (N.Y. App. Div. 1st Dep't 2012). And in *Poulas v. James Lenox House, Inc.*, the court awarded outgoing counsel only a little over three percent of the contingent fee because the outgoing firm had only obtained some medical records and filed a three-page summons and complaint in the action. 11 A.D.3d 332, 332 (N.Y. App. Div. 1st Dep't 2004). The incoming firm, in contrast, conducted depositions, "engaged in settlement negotiations and secured a highly favorable settlement for plaintiff," among other tasks. *Id.* at 332-33.

The Park Firm argues that it is entitled to a greater percentage of the fee than the plaintiffs in *Buszko* and *Shabazz* because it performed more work than the outgoing firms in those cases. (Park Firm's Obj. at 2.) The Park Firm has failed to support that argument, and the work performed—which included obtaining Plaintiff's medical records, representing Plaintiff in an initial conference, and commencing the suit—is comparable to the work performed by outgoing counsel in *Buszko* and *Shabazz*. Further, as *Buszko* and *Shabazz* make clear, Park Firm has failed to demonstrate that it is entitled to a greater percentage of the fee where the bulk of the legal work was performed by the subsequent counsel.

The Park Firm relies on *Kottl v. Carey*, in which the court awarded outgoing counsel 20% of the contingent fee. 85 A.D.3d 870, 871 (N.Y. App. Div. 2d Dep't 2011). While the Park Firm, like plaintiff's original counsel in *Kottl*, secured medical records, contacted plaintiff's insurance, and drafted and filed a complaint on behalf of the plaintiff, the Napoli Firm was responsible for much more of the arbitration and settlement process than incoming counsel in *Kottl*. *Id.* The Napoli Firm spent several months preparing for settlement, in which the Napoli Firm engaged in numerous arbitration and settlement conferences and counseled Plaintiff through the settlement process. (Napoli Billing Records.). In contrast, Plaintiff's new attorney in *Kottl* attended one preliminary conference, and shortly thereafter negotiated a settlement. 85 A.D.3d at 871.

The effectiveness of counsel as well as the difficulty of the work performed also indicate that the Napoli Firm is entitled to a much larger percentage of the contingent fee than the incoming firm in *Kottl*. In Kottl, the court only compared the two firms' quantitative contributions and did not consider the comparative effectiveness of each firm. *Id.* at 872. To analyze counsel's effectiveness, the court examines how the case was brought to its

conclusion. *Borg*, 2012 U.S. Dist. LEXIS 9223, at *30. The Park Firm states that its work "undeniably served as a foundation for the favorable outcome in the underlying action." (Park Firm's Mot. at 3.) However, the Park Firm does not provide any evidence to support that conclusion. While the work completed by the Park Firm may have contributed to settling the case, it was the Napoli Firm alone that actually "set the table for settlement discussions" and successfully resolved the dispute. *Borg*, 2012 U.S. Dist. LEXIS 9223, at *31; (Attys.' Fees Opp. at 2-3.) Additionally, the case was settled more than a year after the termination of the Park Firm's representation. (*See* Order Dismissing Case (Dkt. 40).) Thus, the actions of the Napoli Firm were "far more crucial to the eventual settlement" of the case than any actions taken by the Park Firm. *Borg*, 2012 U.S. Dist. LEXIS 9223, at *32. This factor, then, also weighs in favor of the Napoli Firm.

The Park Firm does not provide any information about the remaining factors: the difficulty of the questions involved, the skills required to handle the matter, or the attorney's skills and experience. While the court does not find that either firm's skills or experience are lacking, the difficulty of the questions involved, and the skills required to handle the matter also favor the Napoli Firm. The Napoli Firm was responsible for the most challenging aspects of Plaintiff's case, including preparing for and attending arbitration and settlement conferences, and counseling Plaintiff during the settlement process. (Napoli Billing Records.) In *Borg*, the court found that while the outgoing counsel was responsible for initiating the lawsuit and completed tasks "common to the start of any legal representation in a civil lawsuit on behalf of a personal-injury plaintiff" including collecting plaintiff's medical records and preparing the complaint, the difficulty of those tasks "pale[d] in comparison to the tasks undertaken" by the incoming counsel. 2012 U.S. Dist. LEXIS 9223, at *26. The incoming firm in *Borg*, like the Napoli Firm here, was responsible for a "much

larger amount of preparation" including completing discovery and preparing for and conducting a successful mediation. *Id.*

Taken together, the amount of time the Park Firm spent on Plaintiff's case, the amount of work it completed, the level of difficulty of that work, and the effectiveness of outgoing counsel do not justify either percentage proposed by the Park Firm. It certainly is not enough to justify 75% of contingency fee that the Park Firm initially proposed, nor is it enough to justify 20% of the contingency fee that the Park Firm suggested in its Objection. (Park Firm's Obj. at 3). Instead, considering this case in the context of prior related decisions, a more appropriate percentage is the one recommended in the R&R. (R&R at 11). The Park Firm is awarded five percent of the contingency fee received by the Napoli Firm.

### A. Reimbursement

Judge Kuo recommended that the Park Firm be reimbursed $452 to cover the costs for initiating the underlying lawsuit in New York Supreme Court and serving the summons and complaint on Defendants. (R&R at 11.) Judge Kuo also recommended that the Park Firm's request for photocopying costs be denied. (R&R at 10.) Neither firm has objected to these portions of the R&R, and therefore the court reviews for clear error. The court finds none and accordingly orders that the Napoli Firm reimburse the Park Firm $452 for the cost of litigation.

### I. CONCLUSION

For the reasons stated above, the Park Firm's Objection to Judge Kuo's (Dkt. 48) R&R is OVERRULED and the R&R is ADOPTED in full. The Park Firm's (Dkt. 41) Motion for Attorneys' Fees is GRANTED, and the court AWARDS the Park Firm five percent of

the total contingent fee and $452 in reimbursement for litigation expenses.

SO ORDERED.

Dated:   Brooklyn, New York
         March 10, 2021

                                              /s/ Nicholas G. Garaufis
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge